IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIAN RADU,

    Plaintiff,

      v.

ADAM RAWLEY,

    Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-1981-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant Adam Rawley's Motion for Summary Judgment [Doc. 24] and Motion to Strike [Doc. 39] and the Plaintiff Marian Radu's Motion to Supplement [Doc. 38]. For the following reasons, the Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED, the Defendant's Motion to Strike [Doc. 39] is DENIED, and the Plaintiff's Motion to Supplement [Doc. 38] is DENIED. As a result, the Plaintiff's Motion to Strike [Doc. 23] and the Defendant's Motion in Limine [Doc. 26] are DENIED as moot.

## I. Background[1]

This action arises out of a car accident between the two parties that took place on April 3, 2022 in Gwinnett County, Georgia. (Def.'s Statement of

---

[1] The operative facts on the Motion for Summary Judgment are taken from the Defendant's Statement of Undisputed Material Facts and the Plaintiff's response thereto. The Court will deem the Defendant's factual assertions, where supported by evidentiary citations, admitted unless the Plaintiff makes a proper objection under Local Rule 56.1(B).

Material Facts ¶ 1). The Plaintiff Marian Radu was a passenger in a vehicle driven by non-party Ionut Creta. (*Id.* ¶ 2). In the Complaint, the Plaintiff alleges that as the vehicle he was a passenger in "lawfully entered the intersection on a green traffic signal, Defendant [Adam Rawley] suddenly and without warning disregarded the red traffic signal for his vehicle and drove his vehicle directly into the intersection, colliding with the passenger side of Mr. Creta's vehicle containing Plaintiff." (Compl. ¶ 5). A police officer responded to the traffic accident and did not issue a traffic citation to the Defendant. (Def.'s Statement of Material Facts ¶ 4). During depositions, the Defendant testified that he had a green light when he entered the intersection, while the Plaintiff testified that he does not remember whether Creta had a red, yellow, or green light at the time of the accident—he was asleep when the accident occurred. (*Id.* ¶¶ 5, 7); (Def.'s Mot. for Summ. J., Ex. B ("Rawley Dep.") at 11:22-23; Ex. D ("Radu Dep.") at 15:17-18). As a result of the accident, the Plaintiff contends, he sustained fractures in his cervical spine, a concussion, and other injuries. (Def.'s Statement of Material Facts ¶ 8).

      The Plaintiff filed this action in the State Court of Gwinnett County on March 28, 2024, asserting one count each of negligence and negligence per se. (Compl. ¶¶ 7-16). The Defendant removed the action to this Court on May 6, 2024, and now moves for summary judgment. [Doc. 24].

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

### A. Motion for Summary Judgment

The Defendant argues that there is no genuine dispute that he had a green light at the time of the accident, and there is no admissible evidence that the accident caused the Plaintiff's alleged injuries. (Def.'s Mot. for Summ. J. at 7-12). In response, the Plaintiff contends that Creta told the responding officer that he had a green light. (Pl.'s Resp. in Opp. to Mot. for Summ. J., at 4-5). He asserts on that basis that summary judgment is improper because there is a genuine dispute of material fact as to who was at fault for the accident. (*Id.* at

5-6).[2]

The Court need not wade into the Defendant's causation arguments because the Plaintiff has failed to rebut the Defendant's evidence that he had a green light at the time the accident occurred. First, the Plaintiff's reliance on the purported body camera footage from the accident scene is misplaced because that evidence is not properly before the Court. The Plaintiff has not filed this evidence in the record and failed to file a statement of additional material facts with citations to supporting evidence, as required under Local Rule 56.1(B)(1), (B)(2)(b). Specifically, Local Rule 56.1(B)(1) provides that "[e]ach material fact must be numbered separately and supported by a citation to evidence proving such fact" and that the Court "will not consider any fact . . . set out only in the brief and not in the movant's statement of undisputed facts." Moreover, Fed. R. Civ. P. 37(c)(1) prohibits a party from using information as evidence on a motion when that information was not provided during discovery as required under Rule 26. The fact that the Defendant could have requested the video from the police department himself, as the Plaintiff asserts, is irrelevant to the Plaintiff's disclosure obligations under Rule 26. Thus, the Court has not and cannot consider the body camera footage cited

---

[2] The Court has also considered the Defendant's reply [Doc. 32] and the Plaintiff's surreply [Doc. 33]. The Court notes that the Plaintiff's surreply was not properly styled as a motion permitting leave to file a surreply, but as the Defendant has not opposed it, the Court will nonetheless consider it.

only via a Dropbox link in a footnote of the Plaintiff's response brief.

Second, the Plaintiff cannot rely on the police officer's description of the accident in the police report—including Creta's statement to him at the scene—as evidence that Creta had a green light, because it is hearsay. Fed. R. Evid. 801(c), 802; *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012) (noting that a district court generally cannot consider inadmissible hearsay on a motion for summary judgment). The Plaintiff's argument that the police officer's statement is admissible because he could be called to testify at trial misses the mark. Even if the officer testified at trial, his testimony as to what Creta said, if admitted as evidence that Creta in fact had a green light, would still be inadmissible hearsay. While the Plaintiff is correct that the officer could testify about what he observed at the accident scene without running afoul of the hearsay rules, the Plaintiff is not attempting to rely merely on the officer's observations. Instead, he clearly seeks to have the Court consider Creta's statement to the officer about the color of the traffic light as evidence of the truth of that matter. There is no exception to Rule 802 that allows that here. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." (citation omitted)).

5

That leaves the Defendant's deposition testimony that his light was green when he entered the intersection as the only admissible evidence touching on the fault issue. Even viewing this statement in the light most favorable to the Plaintiff, summary judgment for the Defendant is warranted. Assuming the Defendant's light was green, he could not have negligently failed to obey a traffic device or "failed to operate his vehicle in a safe and lawful manner," as the Plaintiff alleges in his Complaint. This dooms both of the Plaintiff's negligence claims. See *Adickes*, 398 U.S. at 158-59. While the Plaintiff argues that that his deposition testimony that he is not sure what color Creta's traffic light was when he entered the intersection necessarily implies a dispute of fact on this issue, the Plaintiff misconstrues the burden shifting framework applicable on summary judgment. Once the Defendant pointed to his deposition testimony regarding the traffic light issue, the burden shifted to the Plaintiff to "present affirmative evidence to show that a genuine issue of material fact exists." *Anderson*, 477 U.S. at 257. The Plaintiff's testimony does nothing to rebut the Defendant's testimony here. Moreover, the Plaintiff cannot satisfy his burden by pointing to the lack of admissible evidence in support of his position to manufacture a dispute of fact about the color of Creta's traffic light.

Finally, the Plaintiff cites *Strickland v. Doran*, 130 Ga. App. 396, 399 (1973) for the proposition that the Defendant's testimony, since it is

self-serving, must be construed against him. (*See* Pl.'s Resp. in Opp'n to Mot. for Summ. J., at 5-6). This rule is no more than a narrow restatement of general summary judgment law requiring the movant's evidence to be construed in the non-movant's favor. *See Adickes*, 398 U.S. at 158-59 (noting that the court is required to view the evidence and draw any inferences in the light most favorable to the non-movant). Moreover, to the extent the Plaintiff attempts to reference Georgia's *Prophecy* rule, which requires a party's testimony to be "construed most strongly against him" on summary judgment, that rule applies only when that testimony is "self-contradictory, vague, or equivocal." *Johnson v. Wood*, 2025 WL 2715888, at *3 (Ga. Ct. App. Sept. 24, 2025). The Defendant's testimony that he had a green light does not fit that description—in fact, his testimony is more aptly described as unequivocal.

For all of these reasons, based on the admissible evidence before the Court, there is no genuine dispute of material fact that the Defendant had a green light when he entered the intersection, so the Plaintiff's negligence claims against him necessarily fail. Accordingly, the Court will grant the Defendant's Motion for Summary Judgment [Doc. 24].

### B. Motion to Supplement and Motion to Strike the Motion to Supplement

The Plaintiff moves to supplement his surreply to "advise the Court" that he has scheduled a deposition of the officer that responded to the accident and intends to present that testimony at trial. (Pl.'s Mot. to Supplement, [Doc.

38], at 2-3). The Defendant moves to strike the Plaintiff's Motion. (Def.'s Mot. to Strike, [Doc. 39], at 1-2). Neither Motion is well taken.

Notwithstanding the fact that discovery in this matter ended in early June, there is no valid reason to permit the Plaintiff's additional briefing here. *See Parker v. Selene Finance, LP*, 2024 WL 3833853, at *2 (N.D. Ga. July 8, 2024) (noting that district courts have discretion to permit sur-replies "but will do so only when a valid reason for additional briefing exists, such as when a movant raises new arguments in its reply brief."). No such valid reason exists here, with the Plaintiff filing his motion nearly three months after this matter was submitted to the Court. Nor does the deposition the Plaintiff seeks to take have any bearing on the motions presently before the Court. Accordingly, the Court will deny the Plaintiff's Motion to Supplement [Doc. 38].

As a result, the Defendant's Motion to Strike is moot. Nonetheless, the Motion is also procedurally improper. Under Rule 12(f), a party may move to strike all or a portion of a "pleading" that contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to supplement a response or surreply to a motion for summary judgment is not a pleading listed under Rule 7(a). *See* Fed. R. Civ. P. 7(a). Therefore, the Court will deny the Defendant's Motion to Strike. [Doc. 39].

## IV. Conclusion

For the foregoing reasons, the Defendant Adam Rawley's Motion for Summary Judgment [Doc. 24] is GRANTED, the Defendant's Motion to Strike [Doc. 39] is DENIED, and the Plaintiff Marian Radu's Motion to Supplement [Doc. 38] is DENIED. As a result, the Plaintiff's Motion to Strike [Doc. 23] and the Defendant's Motion in Limine [Doc. 26] are DENIED as moot. The Clerk is directed to enter judgment in favor of the Defendant, and to close the case.

SO ORDERED, this ___17th___ day of November, 2025.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge